UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SALLY L. MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-395 |
| ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 11], and the defendant's Motion For Summary Judgment. [Doc. 15]. Plaintiff Sally Mullins seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 13, 2010.

2. The claimant has not engaged in substantial gainful activity since May 5, 2005, the alleged onset date.

3. The clamant has the following severe combination of impairments: chronic obstructive pulmonary disease superimposed on asthma with a significant history of tobacco abuse that reportedly ended in September, 2006; GERD; and possible restless leg syndrome.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work except she should avoid working in extremes, and pulmonary irritants, such as dust, smoke, fumes, chemicals and noxious gases.

6. The claimant is capable of performing past relevant work as a cashier. The impartial vocational expert testified that the claimant's residual functional capacity does not preclude her from returning to this type of past relevant work.

7. The claimant has not been under a "disability," as defined in the Social Security Act, from May 5, 2005 through the date of this decision.

(Tr. 12-18).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human

2

Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## **ANALYSIS AND BASIS FOR REMAND**

Plaintiff argues that the ALJ failed to consider whether the plaintiff met the standard for a finding of disability under Listing 3.02A, based on Congestive Obstructive Pulmonary Disease. See, 20 C.F.R. Pt. 404, Subpart P, App. 1, 3.02A (Chronic Pulmonary Insufficiency). Plaintiff argues that if the ALJ had considered the listings or specifically the criteria of 3.02A, the plaintiff would be found disabled.

The Commissioner argues that the ALJ relied on the opinions of non-examining state agency physicians, Dr. Moore and Dr. Doster, to conclude that the plaintiff did not meet the Listing 3.02A requirements. The record, however, is unclear in its support of the Commissioner's contention. Frankly, there appears to be much more discussion of plaintiff's pulmonary function studies and FEVI values, and whether plaintiff meets the Listing 3.02A requirements, in the parties' briefs than appears in the ALJ's opinion (Tr. 14-17).

The ALJ must fully analyze whether a claimant's impairment meets or equals a listed impairment "where there is factual support that a listing could be met." Huntington v. Apfel, 101 F.Supp. 2d 304, 391 (D.Md. 2000).

3

The Court can only conclude that this was not done by the ALJ in the present case. That being said, it is not at all certain that the record establishes disability. A full analysis by the ALJ of the threshold issue, that is, whether Listing 3.02A is met, is required in this case.

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation. To that end, it is **RECOMMENDED** that the plaintiff's Motion For Judgment On The Pleadings [Doc. 11] be **GRANTED** only for remanding the case as aforesaid. It is also **RECOMMENDED** that the defendant's Motion For Summary Judgment [Doc. 15] be **DENIED**.[1]

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).